D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WAYNE ROSE,

                Plaintiff,

      -against-

THE CITY OF NEW YORK POLICE
DEPARTMENT, CEAIRA MILATAMOU,
"JOHN" HOVINGTON, CHRIS "DOE", "JANE
DOE 1", "JANE DOE 2," THE CITY OF NEW
YORK DEPARTMENT OF HOUSING
PRESERVATION & DEVELOPMENT, and
JEAN PIERRE PASSERIEUX,

                Defendants.
-----------------------------------------------------------------X

**ORDER**
**10-CV-3782 (NGG) (RML)**

WAYNE ROSE,

                Plaintiff,

      -against-

DIFFERENT TWIST PRETZEL, INC., AUGUST
PETER MAGGIO, JOAN MAGGIO, CHAPEL
BANKS INVESTMENT, INC., RESHMAN
SHAH, MOHMED SHAH, VINCENT KUMAR,
JEEVAHAN SIVASUBRAMANIAM,
SULEMAN SHAH, AND WHITEHALL
PRETZEL & ICE CREAM, INC.

                Defendants.
-----------------------------------------------------------------X

**ORDER**
**10-CV-3783 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Pro se Plaintiff Wayne Rose ("Rose") filed the two above-captioned actions on August 10, 2010. By letter dated August 26, 2010 (10-CV-3782, Docket Entry #4), Rose asked the court

1

to "close" 10-CV-3783 so that he could pursue his claims in state court. The court construes this request to be a timely notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A).[1]

With respect to 10-CV-3782, Rose asks that the action be "reassigned back" to state court. The court is, however, without authority to remand the action to state court because it was originally filed in federal court. Cf. 28 U.S.C. § 1447 (procedures for remanding cases removed from state court); see also Vanbrocklen v. Gov't Emples. Ins. Co., No. 08-CV-254 (GLS), 2010 U.S. Dist. LEXIS 86881, at *2 (N.D.N.Y Aug. 23, 2010) (district court has no authority to "remand" case that was initially filed in federal court); Swanston v. Pataki, No. 97-CV-9406 (JSM), 2001 U.S. Dist. LEXIS 4857, at *21 (S.D.N.Y. Apr. 20, 2001) ("The power to remand claims to state court is envisioned in cases that have been removed from state court under 28 U.S.C. § 1447.") Accordingly, the court also construes this request as a timely notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A) such that Rose may pursue his claims in state court.

Rose's complaints are hereby dismissed. The Clerk of Court is directed to close each case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 7, 2010

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Defendants have not filed an answer or any counter-claims in either action.